**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

TIFFANY PAIGE EVANS
fdba SOUTHERN LACE

        Debtor

Case No. 3:16-bk-32647-SHB
Chapter 7

SCHULZ BRAU BREWING, LLC
dba SCHULZ BRAU BREWING COMPANY
and NICO SCHULZ

        Plaintiffs

    v.

TIFFANY PAIGE EVANS

        Defendant

Adv. Proc. No. 3:17-ap-3001-SHB

**MEMORANDUM ON
<u>MOTION FOR SUMMARY JUDGMENT</u>**

**APPEARANCES**:   GENTRY, TIPTON & MCLEMORE, P.C.
        Maurice K. Guinn, Esq.
        Post Office Box 1990
        Knoxville, Tennessee 37901
        Attorneys for Plaintiffs

        Tiffany Paige Evans
        4832 Fountain View Way
        Knoxville, Tennessee 37918
        Defendant, *pro se*

**SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE**

Plaintiffs filed a Complaint on January 6, 2017, asking the Court to determine, pursuant to 11 U.S.C. § 523(a)(2), (3), and/or (6), that a default judgment entered against Defendant in state court is nondischargeable. Plaintiffs now seek summary judgment, arguing that the issues were previously litigated in the state court when it awarded the default judgment against Defendant for monies obtained through false representation and actual fraud and that the default judgment should be given collateral estoppel effect, entitling Plaintiffs to a determination that the default judgment is nondischargeable as a matter of law under 11 U.S.C. § 523(a)(2)(A). The Court agrees and finds that the default judgment addresses and is dispositive of the § 523(a)(2)(A) elements so that summary judgment is appropriate.

In support of the Motion for Summary Judgment, Plaintiffs filed a memorandum of law and other supporting documents, including, *inter alia*, the required statement of undisputed material facts [Doc. 28], the Affidavit of Nico Schulz, managing member of Schulz Brau Brewing, LLC [Doc. 29], and the Final Order resolving *Schulz Brau Brewing, LLC, dba Schulz Brau Brewing Company, & Nico Schulz, individually v. J. Evans Excavating & Associate, Inc., Joshua L. Evans, individually, and Tiffany P. Evans, aka T. Paige Evans, individually*, Docket No. 1-73-16 (the "State Court Lawsuit"), entered on July 22, 2016, in the Knox County Circuit Court [Doc. 29-2]. Defendant did not file a response to the motion or the statement of undisputed material facts; thus, pursuant to E.D. Tenn. LBR 7007-1(a), her failure to respond is construed by the Court "to mean that [Defendant] does not oppose the relief requested" and, pursuant to E.D. Tenn. LBR 7056-1(b), "the material facts set forth in [Plaintiffs'] statement [are] deemed admitted." This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

## I. Facts

The following facts are not in dispute. On November 16, 2015, Plaintiffs entered into a construction contract with J. Evans Excavating & Associate, Inc. ("J. Evans Excavating") for

1

improvements at their business, Schulz Brau Company, a German-style brew house located at 126 Bernard Avenue, Knoxville, Tennessee ("the Brew House"). [Doc. 29 at ¶¶ 3-4; Doc. 29-1, Ex. A.]  The construction contract was signed by Joshua Evans and Defendant. [Doc. 29 at ¶ 4; Doc. 29-1, Ex. A.]  Plaintiffs entered into a second construction contract for additional improvements at the Brew House on December 10, 2015. [Doc. 29 at ¶ 5; Doc. 29-1, Ex. B.]  This contract also was signed by Joshua Evans and Defendant. [Doc. 29-1, Ex. B.]  At least two of the checks for Plaintiffs' payments totaling $17,000.00 made payable to J. Evans Excavating were endorsed by Defendant. [Doc. 29 at ¶ 11; Doc. 29-3.]

J. Evans Excavating, Joshua Evans, and Defendant abandoned the improvements at the Brew House, requiring Plaintiffs to hire a replacement contractor to complete the project. [Doc. 29 at ¶ 6.]  Plaintiffs subsequently filed the State Court Lawsuit on February 11, 2016, alleging violations of the Contractors Licensing Act and the Tennessee Consumer Protection Act, fraud and misrepresentation, breach of contract, and misapplication of payments. [Doc. 29 at ¶ 7; Doc. 29-1.]  On May 20, 2016, the Knox County Circuit Court entered a default judgment against the defendants in the State Court Lawsuit, followed the Final Order on July 22, 2016 (collectively, "Default Judgment"). [Doc. 29 at ¶¶ 8-9; Doc. 29-2.]  As stated in the Default Judgment, the Knox County Circuit Court found, among other things, that "Defendants fraudulently, knowingly and willfully misrepresented to the Plaintiffs that they were properly licensed in the state of Tennessee and qualified to perform the work for which they contracted[.]" [Doc. 29 at ¶ 9; Doc. 29-2 at ¶ 1.]  The Default Judgment also found that "Plaintiffs relied upon the Defendants' fraudulent representations and would never have hired Defendants but for those fraudulent representations." [Doc. 29-2 at ¶ 6.]

Defendant filed the Voluntary Petition commencing her Chapter 7 bankruptcy case on September 2, 2016, and received a general discharge of her debts on January 6, 2017. [Doc. 28 at

2

¶ 1.] She did not originally list either of the Plaintiffs as creditors in her bankruptcy schedules, nor were they noticed with the Notice of Commencement of the Case. [Id. at ¶¶ 2-4.] In fact, Plaintiffs did not receive notice of Defendant's case until December 27, 2016, after she filed a notice of amendment and added both Plaintiffs as creditors. [*Id*. at ¶ 5; Doc. 29 at ¶ 11.] Plaintiffs filed the Complaint initiating this adversary proceeding on January 6, 2017 [Doc. 1], and Defendant was properly served at the address listed on her Voluntary Petition and through her attorneys of record. [Doc. 28 at ¶¶ 6-7.] Following entry of default by the clerk on March 3, 2017 [Doc. 11], and hearings on Plaintiffs' motion for default judgment [Doc. 13] held April 20 and May 18, 2017, Defendant filed an answer on June 23, 2017 [Doc. 19], and an amended answer on September 15, 2017 [Doc. 26], within which she does not deny that the Default Judgment was entered against her. [Doc. 28 at ¶¶ 8-11.]

## II.  Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[,]" utilizing the following procedures:

> (1) *Supporting Factual Positions*.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) *Objection That a Fact Is Not Supported by Admissible Evidence*.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

3

> (3) ***Materials Not Cited***.  The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) ***Affidavits or Declarations***.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c) (applicable in adversary proceedings through Rule 7056 of the Federal Rules of Bankruptcy Procedure).  The Court does not weigh the evidence to determine the truth of the matter asserted when deciding a motion for summary judgment but simply determines whether a genuine issue for trial exists.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

Plaintiffs, as movants, bear the burden of proving that summary judgment is appropriate by establishing that there is no genuine dispute concerning any material fact, such that the defenses alleged are factually unsupported.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Once a plaintiff has met the initial burden, the burden then shifts to the defendant to prove that there is a genuine dispute of material fact for trial, although a defendant may not rely solely on allegations or denials contained in the pleadings. *See Nye v. CSX Transp., Inc*., 437 F.3d 556, 563 (6th Cir. 2006) (holding that reliance upon a "mere scintilla of evidence in support of the nonmoving party will not be sufficient."); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*.,475 U.S. 574, 586 (1986).  The facts and all resulting inferences are viewed in a light most favorable to Defendant, and the Court must decide whether "the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 243.  Nevertheless, when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citations omitted).

Plaintiffs seek summary judgment on the doctrine of collateral estoppel, arguing that the issue of whether Defendant obtained Plaintiffs' monies through false representation has already been litigated on the merits and, therefore, cannot be re-litigated. Additionally, because she did not respond to Plaintiffs' request for summary judgment, it is presumed that Defendant does not oppose it. *See* E.D. Tenn. LBR 7007-1(a). Nonetheless, the Court must determine whether the Default Judgment was founded on the elements required for a nondischargeability claim under 11 U.S.C. § 523(a)(2)(A) such that summary judgment is appropriate.

### III.  Analysis

Debtors may not receive a discharge from debts for money obtained by false pretenses, false representations, or actual fraud. 11 U.S.C. § 523(a)(2)(A). To satisfy § 523(a)(2)(A)'s requirements, Plaintiffs must prove that Defendant obtained money from or belonging to Plaintiffs through material misrepresentations that Defendant knew were false or were made with gross recklessness, that Defendant intended to deceive Plaintiffs, that Plaintiffs justifiably relied on Defendant's false representations, and that Plaintiffs' reliance was the proximate cause of their losses. *See McDonald v. Morgan (In re Morgan)*, 415 B.R. 644, 649 (Bankr. E.D. Tenn. 2009). In support of their request for summary judgment, Plaintiffs argue that there is no genuine dispute as to any material facts because the Knox County Circuit Court already litigated the issue whether Defendant obtained money by false representations.

As applied in Tennessee, the doctrine of collateral estoppel "bars the same parties or their privies from re-litigating in a later proceeding legal or factual issues that were actually raised and necessarily determined in an earlier proceeding . . . [so] that [such] determination is conclusive against the parties in subsequent proceedings . . . ." *Mullins v. State*, 294 S.W.3d 529, 534 (Tenn. 2009). Collateral estoppel applies "to issues of law and to issues of fact." *Gibson v. Trant*, 58 S.W.3d 103, 113 (Tenn. 2001); *see also Booth v. Kirk*, 381 S.W.2d 312, 315 (Tenn. Ct. App.

5

1963) ("[M]aterial facts or questions which were in issue in a former action and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and . . . such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties." (citation omitted)).  Specifically, the doctrine of collateral estoppel requires proof:

> (1) that the issue sought to be precluded is identical to an issue decided in an earlier proceeding; (2) that the issue sought to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding; (3) that the judgment in the earlier proceeding has become final; (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding; and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.

*Mullins*, 294 S.W.3d at 535.  The party asserting collateral estoppel bears "the burden of proving that the issue was, in fact, determined in a prior suit between the same parties and that the issue's determination was necessary to the judgment." *Dickerson v. Godfrey*, 825 S.W.2d 692, 695 (Tenn. 1992).

> When a party invokes the doctrine of collateral estoppel, the court must first identify the legal or factual issues that were decided in the earlier proceeding.  Then the court must identify the issue or issues sought to be precluded in the later proceeding.  Finally, the court must determine whether the issue or issues sought to be precluded in the later proceeding are the same as the issue or issues that were actually decided in the earlier proceeding.  *For the doctrine of collateral estoppel to apply, the issue or issues sought to be precluded in the later proceeding must be identical, not merely similar, to the issue or issues decided in the earlier proceeding.*

*Mullins*, 294 S.W.3d at 536 (emphasis added) (citing *Patton v. Estate of Upchurch*, 242 S.W.3d 781, 787 (Tenn. Ct. App. 2007)).

Here, Plaintiffs have satisfied their burden of establishing that the doctrine of collateral estoppel applies because they have established every element enumerated in the *Mullins* decision:  the issue to be precluded – fraudulent misrepresentation – is identical to the issue

6

decided in the State Court Lawsuit; fraudulent misrepresentation was actually raised, litigated, and decided on its merits[1]; the Default Judgment, which was entered on July 22, 2016, and was not appealed, is a final order; Defendant was a party in the State Court Lawsuit; and Defendant had a full and fair opportunity to defend the State Court Lawsuit.

As implicated in this adversary proceeding, § 523(a)(2)(A) encompasses false representations. "In the context of § 523(a)(2)(A), 'false representations and pretense encompass statements that falsely purport to depict current or past facts." *Almasudi v. Ibrahim (In re Ibrahim)*, 580 B.R. 218, 234 (Bankr. E.D. Tenn. 2017) (quoting *Peoples Sec. Fin. Co. v. Todd (In re Todd)*, 34 B.R. 633, 635 (Bankr. W.D. Ky. 1983)); *see also Haney v. Copeland (In re Copeland)*, 291 B.R. 740, 761 (Bankr. E.D. Tenn. 2003) ("Material misrepresentations under § 523(a) are 'substantial inaccuracies of the type which would generally affect a lender's or guarantor's decision."). Under Tennessee law, the elements for fraud or intentional misrepresentation are substantially similar to the elements required to determine a debt nondischargeable under § 523(a)(2)(A). *See Gray v. Vinsant (In re Vinsant)*, 539 B.R. 351, 358-59 (Bankr. E.D. Tenn. 2015).

> To recover for intentional misrepresentation, a plaintiff must prove: (1) that the defendant made a representation of a present or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that the defendant either knew that the representation was false or did not believe it to be true or that the defendant made the representation recklessly without knowing whether it was true or false; (5) that the plaintiff did not know that the representation was false when made and was justified in relying on the truth of the representation; and (6) that the plaintiff sustained damages as a result of the representation.

---

[1] Default judgments satisfy the "actually litigated" standard under Tennessee law, and, in fact, "[a] judgment taken by default is conclusive by way of estoppel in respect to all such matters and facts as are well pleaded and properly raised, and material to the case made by declaration or other pleadings . . . ." *Rally Hill Prods., Inc. v. Bursack (In re Bursack)*, 65 F.3d 51, 54 (6th Cir. 1995) (quoting *Lawhorn v. Welford*, 168 S.W.2d 790, 792 (1943)); *see also Couch v. Panther Petroleum, LLC (In re Couch)*, 704 F. App'x 569, 573 (6th Cir. 2017) ("Under Tennessee law, default judgments receive preclusive effect[.]").

*Hodge v. Craig*, 382 S.W.3d 325, 342 (Tenn. 2012) (citing *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008)).  The party alleging intentional misrepresentation bears the burden of proof, as does a party seeking a determination of nondischargeability under § 523(a)(2)(A). *In re Vinsant*, 539 B.R. at 359.

The record reflects that the Default Judgment was awarded on allegations in the initial Complaint filed in the Knox County Circuit Court on February 11, 2016, including, *inter alia*, that the defendants therein made false representations that they were licensed contractors, that Plaintiffs relied on those representations, and that Plaintiffs incurred substantial damages as a result of their reliance on the defendants' misrepresentations. [Doc. 29-1 at 2-5.]  Additionally, the Default Judgment contains the following findings of fact and conclusions of law:

> 1. The Defendants fraudulently, knowingly and willfully misrepresented to the Plaintiffs that they were properly licensed in the state of Tennessee and qualified to perform the work for which they contracted and as such are in violation of T.C.A. §62-6-136 and the Tennessee Consumer Protection Act T.C.A. §47-18-101, *et seq.*
>
> 2. That the Defendants' [*sic*] failed to perform the work required under the contract and further failed to pay subcontractors even though the Defendants were paid.  The Defendants were paid $38,600.00 and had contracted to perform all the work related to the parking lot and pavers for the sum of $56,200.00.
>
> . . . .
>
> 6. The Court further finds that this is a case in which Defendants' employment of unfair and deceptive acts were a willful and knowing violation of the Contractors Licensing Act and the Tennessee Consumer Protection Act and is an appropriate case for the award of treble damages because Plaintiffs relied upon the Defendants' fraudulent representations and would never have hired Defendants but for those fraudulent misrepresentations.  The damage to Plaintiffs is substantial and Defendants' conduct is fraudulent and unlawful.

[Doc. 29-2.]

Because the State Court Lawsuit complaint alleged facts to plead intentional misrepresentation under Tennessee law – the elements of which fit within § 523(a)(2)(A) – and the Default Judgment expressly makes findings of fact and conclusions of law that the

8

defendants therein fraudulently, intentionally, and willfully misrepresented facts on which Plaintiffs relied to their detriment, this Court can easily find that the elements of § 523(a)(A)(2), including intent, are likewise satisfied.  Thus, the Default Judgment sufficiently establishes that, under the doctrine of collateral estoppel, the liability of Defendant established by the Default Judgment is nondischargeable under § 523(a)(A)(2).  Plaintiffs have met their burden of proof, based on the record, that there is no genuine dispute as to material facts and that they are entitled to judgment as a matter of law.  Accordingly, the Motion for Summary Judgment filed by Plaintiffs on October 13, 2017, will be granted.  A Judgment consistent with this Memorandum will be entered.

FILED:  March 28, 2018

BY THE COURT

/s/ Suzanne H. Bauknight

SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE
